IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

MICHAEL D. SAMPSON,                          )
                                             )
          Plaintiff,                         )
                                             )
     v.                                      )     Civil Action No.
                                             )
JOHNSON CONTROLS BATTERY                     )
GROUP, INC.,                                 )
                                             )
          Defendant.                         )

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendant, Johnson Controls Battery Group, Inc.

("Defendant"), removes this action to the United States District Court for the District of

Delaware. The grounds are as follows:

1.    Plaintiff Michael D. Sampson commenced this action against Defendant in the

Superior Court of Delaware, Kent County, Civil Action No. O5C-06-041WW. True and correct

copies of all process, pleadings and orders served upon Defendant are attached to this Notice as

Exhibit 1. No other process, order or pleading in this action has been received to date by

Defendant.

2.    Plaintiff resides in, and is a citizen of, the State of Delaware. (Complaint, ¶ 1).

3.    Defendant is a Wisconsin corporation with its principal place of business located

in Milwaukee, Wisconsin.

4.    Defendant first received service of Plaintiff's Complaint on June 24, 2005 through

a registered agent for service of process.

5.    Thirty (30) days have not yet expired since this action became removable to this

Court.

6.      Pursuant to 28 U.S.C. §§ 1331, 1332, 1441 and 1446, removal to the United States District Court for the District of Delaware is proper.

7.      The above-entitled matter is an action over which this Court would have original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1332, and which therefore may be removed to this Court pursuant to 28 U.S.C. § 1441. The case is removable under § 1331 because, *inter alia*, one of the Plaintiff's claims is premised upon federal law. (Complaint ¶ 16). In addition, the case is removable under § 1332 because the matter is between citizens of different states, and the amount in controversy, exclusive of interests and costs, exceeds the sum or value of seventy-five thousand dollars ($75,000.00).

8.      Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal has been filed in the Superior Court of Delaware, Kent County, and has been served upon Plaintiff through his counsel.

Jennifer C. Jauffret (#3689)
Jauffret@rlf.com
Kelly A. Green (#4095)
Green@rlf.com
Richards, Layton & Finger, P.A.
One Rodney Square
920 N. King Street
Wilmington, DE 19899
(302) 651-7700
Attorneys for Defendant

Dated: July 25, 2005

2

# EXHIBIT 1

## SUPERIOR COURT CIVIL CASE INFORMATION STATEMENT (CIS)

COUNTY:    N  (K)  S                    CIVIL ACTION NUMBER: OSC-06-041 (WLw)

CIVIL CASE CODE: __ CDBT __

CIVIL CASE TYPE: __Debt/Breach of Contract__
(SEE REVERSE SIDE FOR CODE AND TYPE)

| | |
|---|---|
| CAPTION:<br><br>MICHAEL D. SAMPSON,<br><br><br><br><br>Plaintiff,<br><br>v.<br><br>JOHNSON CONTROLS BATTERY GROUP<br><br>a Foreign Corporation,<br><br>Defendant.<br><br><br>00360 | NAME AND STATUS OF PARTY FILING DOCUMENT:<br><br>MICHAEL D. SAMPSON, Plaintiff<br><br><br><br>DOCUMENT TYPE: (E.G., COMPLAINT; ANSWER WITH COUNTERCLAIM)<br><br>Complaint and Related Pleadings<br><br><br>ARBITRATION __ X __NON-ARBITRATION ____<br>             (CERTIFICATE OF VALUE MAY BE REQUIRED)<br>JURY DEMAND    X    YES ____    NO<br>TRACK ASSIGNMENT REQUESTED: (CIRCLE ONE)<br><br>EXPEDITED    (STANDARD)    COMPLEX |
| ATTORNEY NAME(S):<br>William D. Fletcher, Jr., Esquire<br><br>FIRM NAME:<br> SCHMITTINGER & RODRIGUEZ, P.A.<br><br>ADDRESS:<br> 414 SOUTH STATE STREET<br> P.O. BOX 497<br> DOVER, DE 19903-0497<br><br>TELEPHONE NUMBER:<br> 302-674-0140<br>FAX NUMBER:<br> 302-674-1830<br>E-MAIL ADDRESS: | IDENTIFY ANY RELATED CASES NOW PENDING IN THE SUPERIOR COURT BY CAPTION AND CIVIL ACTION NUMBER INCLUDING JUDGE'S INITIALS<br><br><br><br>EXPLAIN THE RELATIONSHIP(S):<br><br><br><br>OTHER UNUSUAL ISSUES THAT AFFECT CASE MANAGEMENT:<br><br><br>(IF ADDITIONAL SPACE IS NEEDED, PLEASE ATTACH PAGES) |

THE PROTHONOTARY WILL NOT PROCESS THE COMPLAINT, ANSWER OR FIRST RESPONSIVE PLEADING IN THIS MATTER FOR SERVICES UNTIL THE CASE INFORMATION STATEMENT (CIS) IS FILED. THE FAILURE TO FILE THE CIS AND TO HAVE THE PLEADING PROCESSED FOR SERVICE MAY RESULT IN THE DISMISSAL OF THE COMPLAINT OR MAY RESULT IN THE ANSWER OR FIRST RESPONSIVE PLEADING BEING STRICKEN.

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

### IN AND FOR KENT COUNTY

| | | |
|---|---|---|
| MICHAEL D. SAMPSON | * | |
| | * | |
| | * | |
| Plaintiff, | * | C.A. No.: |
| | * | |
| v. | * | ARBITRATION CASE |
| | * | |
| JOHNSON CONTROLS, | * | TRIAL BY JURY DEMANDED |
| BATTERY GROUP, INC. | * | |
| a Foreign corporation, | * | **PRAECIPE** |
| | * | |
| Defendant. | * | |

TO:   PROTHONOTARY
      Kent County Courthouse
      The Green
      Dover, DE 19901

Please docket the attached Complaint and Related Pleadings and issue a Summons directing

that the same with copies of the Complaint and related pleadings be served as follows:

Direct the Sheriff for New Castle County to serve the same upon Defendant, Johnson

Controls, Battery Group, Inc., a Foreign Corporation, by serving the Defendant's registered agent,

Corporation Trust Company, 1209 Orange Street, Wilmington, Delaware, 19801.

Enclosed are the related fees for service in this matter.

SCHMITTINGER & RODRIGUEZ, P.A.

BY: _____
    WILLIAM D. FLETCHER, JR.
    Bar ID #362
    414 S. State Street
    P.O. Box 497
    Dover, DE 19903-0497
    (302) 674-0140
    Attorneys for the Plaintiff

DATED: 6/16/05
WDF:tcl

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

## IN AND FOR KENT COUNTY

MICHAEL D. SAMPSON      *

         Plaintiff,      *      C.A. NO:

         v.      *      ARBITRATION CASE

JOHNSON CONTROLS      *
BATTERY GROUP, INC.      *      TRIAL BY JURY DEMANDED
a foreign corporation,      *

         Defendant.      *

### COMPLAINT

1.    Plaintiff Michael D. Sampson (hereinafter "Plaintiff"), is a resident of the State of Delaware who resides at 54 McKinley Circle, Magnolia, Delaware 19962.

2.    Defendant, Johnson Controls Battery Group, Inc. (hereinafter "Defendant"), is a foreign corporation who is subject to service of process through its Delaware registered agent Corporation Trust Company, at 1209 Orange Street, Wilmington, Delaware, 19801.

3.    Plaintiff was employed as a shipper, decorator and packer with Defendant from November 2, 1998 until he was terminated illegally on June 16, 2003.

4.    At all times pertinent to the events set forth in this Complaint, Plaintiff was a full-time union member employee of Defendant.

### COUNT I

5.    At all times pertinent to the events set forth in this Complaint, Defendant provided Plaintiff certain workplace benefits and entitlements regarding their employment relationship.

6.    Specifically, Defendant's employment relationship with Plaintiff required that Plaintiff may only be suspended, disciplined or discharged for just cause by the Defendant. As determined by the Delaware Department of Labor, Plaintiff was terminated without just cause. (See Referee's Decision attached as Exhibit A.) The Defendant did not appeal this determination.

7.    Additionally, Defendant's employment relationship with Plaintiff required that if a disciplinary action has been started for alleged absenteeism rule violations, the "next step" in any disciplinary process will not be taken if the employee has an improved record (i.e., two or less occurrences during a six month period).

8.    On December 11, 2002, Plaintiff was placed on a Last-Chance Agreement as a result of a work rule violation. The Last-Chance Agreement required that Plaintiff refrain from committing certain classified work rule violations for one year, in accordance with the parties' employment

relationship. If Plaintiff committed any type of classified work rule violation, the next step would result in termination. Plaintiff committed no classified work rule violations after December 11, 2002; however, the Defendant terminated the Plaintiff for the alleged reason that the Plaintiff allegedly breached the Last-Chance Agreement.

9.    By terminating the Plaintiff, Defendant has breached the employment contract terms of its employment relationship with Plaintiff.

10.    As a result of these employment contract breaches by Defendant, the Plaintiff has been unlawfully deprived of his job and his income in the form of wages and prospective retirement benefits, social security, health benefits, union benefits, and other benefits due to him as an employee which he would have earned subsequent to his unlawful termination on June 16, 2003. Plaintiff is now suffering and will continue to suffer irreparable injury as a result of Defendant's actions.

WHEREFORE, Plaintiff Michael D. Sampson demands judgment against the Johnson Controls, Inc. for compensatory damages including, but not limited to, back pay, front pay, pension contributions, costs, interest, attorneys' fees and such other and further relief as this Court deems just.

## COUNT II

11.    Plaintiff hereby restates and incorporates by reference paragraphs 1 through 10 hereinabove.

12.    By its actions as described in this Complaint, including but not limited to, subjecting Plaintiff to termination and employment contract breaches, Defendant has breached the covenant of good faith and fair dealing implied under Delaware law in all employment relationships.

13.    As a direct result of the wrongful conduct of Defendant, Plaintiff has suffered damages, including but not limited to, pain and suffering, humiliation, lost wages, and other benefits as more fully described in Court I, herein.

WHEREFORE, Plaintiff Michael D. Sampson demands judgment against the Johnson Controls, Inc. for compensatory damages including, but not limited to, back pay, front pay, pension contributions, costs, interest, attorneys' fees and such other and further relief as this Court deems just.

## COUNT III

14.    Plaintiff hereby restates and reincorporates by reference paragraphs 1 through 13 hereinabove.

15.    Plaintiff Michael D. Sampson is African-American.

16.    By committing the acts set forth in this Complaint, and specifically by discriminating against Plaintiff on the basis of his race, Defendant has violated 42 U.S.C. §1981.

17.    As a direct result of the racially discriminatory conduct of Defendant, Plaintiff has

suffered damages, including by not limited to, physical and emotional injury, pain and suffering, mental anguish, humiliation, lost wages, and other benefits, as more fully described in Counts I and II, herein.

WHEREFORE, Plaintiff demands judgment against Defendant for back pay, including interest, reinstatement if feasible, or in the alternative, front pay, compensatory damages, including damages for emotional pain, physical pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and all other non-pecuniary losses, punitive damages, pre-judgment and post-judgment interest, attorney's fees, and any other relief that this Court deems just.

SCHMITTINGER AND RODRIGUEZ, P.A.

BY: _____
    WILLIAM D. FLETCHER, JR.
    Bar ID 362
    414 S. State Street.
    P.O. Box 497
    Dover, DE 19903-0497
    302-674-0140
    Attorneys for Plaintiff

Dated: 6/16/05
WDF:tc

UC-302
Document 00-06/9A/02/01



**DELAWARE
DEPARTMENT OF
LABOR**

DIVISION OF UNEMPLOYMENT INSURANCE
APPEALS
4425 N. MARKET STREET
P. O. BOX 9950
WILMINGTON, DE 19809

## REFEREE'S DECISION

**CLAIMANT**

MICHAEL D SAMPSON
54 McKINLEY CIRCLE
MAGNOLIA, DE   19962

**EMPLOYER**

JOHNSON CONTROLS INC.
PERSONNEL
700 BROAD STREET
MIDDLETOWN, DE   19709

APPEAL DOCKET NUMBER:   428222

SOCIAL SECURITY NUMBER:   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

DATE OF CLAIM:   1-12-2003 OC
6-15-2003 AC

DATE OF APPEAL:   7-10-2003

DATE OF HEARING:   7-28-2003

PLACE OF HEARING:   DOVER

DATE DECISION MAILED:   8-5-2003

LAST DAY TO FILE AN APPEAL:   8-15-2003

### RIGHT OF FURTHER APPEALS

Section 3318, Title 19, Delaware Code, provides that any interested party involved, the claimant, the employer, or the Claims Deputy has a right of appeal from the decision of the Referee to the Unemployment Insurance Appeal Board, and further provides that the opinion of the Referee "shall be deemed to be the final decision of the Department of Labor unless within 10 days after the date of notification or mailing of such decision further appeal is initiated ..." You are, therefore, hereby notified that if an appeal is not made within the ten-day period specified by law, all further right to appeal is lost and the case cannot be reopened  The appeal may be made at the local office or directed to Department of Labor, Division of Unemployment Insurance, 4425 N. Market Street, P. O. Box 9950, Wilmington, DE 19809.

**APPEARANCES:**  JOSEPH A. JULIAN, JR., APPEALS REFEREE; MICHAEL D. SAMPSON, CLAIMANT; MARY HIGGINS, ESQ., CLAIMANT'S ATTORNEY; WANDA CLIFTON, EMPLOYER REPRESENTATIVE.

**CLAIMS DEPUTY'S DETERMINATION:**  THE CLAIMANT WAS DISCHARGED FROM WORK FOR JUST CAUSE IN CONNECTION WITH THE WORK AND IS DISQUALIFIED FROM THE RECEIPT OF UNEMPLOYMENT BENEFITS.

**STATUTORY PROVISION INVOLVED:** Title 19, Delaware Code: 3315(2)

APPEAL DOCKET NO.: 428222

SUMMARY OF EVIDENCE:

The claimant was employed as a shipper, decorator, and packer by Johnson Controls Inc. from November 2, 1998 to June 16, 2003 when he was discharged for violation of the employer's attendance policies.

The employer representative at the hearing testified that the claimant had been disciplined eleven times for violation of company rules and seven times for violation of the employer's attendance policies.

On September 12, 2001 the claimant was suspended for absenteeism. On July 22, 2002 the claimant received a written discussion concerning his absenteeism. On August 15, 2002 the claimant received his first warning on absenteeism. On August 19, 2002 the claimant received his final warning under the employer's disciplinary procedure policy and that final warning was for absenteeism. On September 5, 2002 the claimant was again suspended for absenteeism. On December 10, 2002 the claimant again lost time from work and had reached the termination level of the employer's disciplinary program. At that time the claimant's Union requested that the claimant be permitted to enter into a last chance agreement in order to preserve the claimant's employment. The employer granted the Union's request on behalf of the claimant. The last chance agreement provided that the claimant would have to miss no time for the period of one year. From December 10, 2002 to June 17, 2003 the claimant missed no time from work.

On June 13, 2003 the claimant called the customer service district manager to report that his fiancé was suffering from extreme pain and he had to take her to the clinic for examination and treatment. The customer service district manager told the claimant that he considered it to be an emergency and for the claimant to take care of his fiancé. The claimant informed the district manager that he was aware that any more loss of time from work could cost him his job. The district manager assured the claimant that if he brought in documentation to verify his taking his fiancé to the clinic his job would not be in jeopardy. On the following Monday, June 16, 2003 the claimant reported to work and presented documentation to the employer from Kent County Health Unit verifying that the claimant's fiancé attended their clinic on June 12, 2003. The employer examined the document and decided that it wasn't satisfactory evidence of the claimant's fiancé's visit and treatment at the clinic. The employer asked for additional verification. On the following day the claimant presented a document from the Division of Public Health stating that the claimant's fiancé had gone there to take a pregnancy test. He also submitted another document showing the results of the said test. Once again the employer did not consider the documents to be sufficient evidence for the claimant's justification for missing work on June 13, 2003. He considered his absence as being a violation of the last chance agreement and discharged the claimant.

FINDING OF FACT:

APPEAL DOCKET NO.: 428222

The claimant was employed by Johnson Controls Inc., from November 2, 1998 to June 16, 2003 when he was discharged because of his violation of the employer's attendance policies.

The employer's discipline policy is set up in five stages. The fifth stage is termination. The claimant reached the first stage on September 12, 2001 when he was suspended for absenteeism. On July 22, 2002 the claimant reached the second state which was a written discussion on the claimant's absenteeism. On August 15, 2002 the claimant reached the third stage which was his first warning on absenteeism. On August 19, 2002 the claimant received his final warning for missing time from work. On September 5, 2002 he was again suspended for absenteeism. On 12-10-2002 he reached the fifth stage and the employer considered his termination. The claimant's Union requested of the employer that the claimant be permitted to enter into a last chance agreement whereby he would agree to miss no more time from work for a period of one year. The employer granted the Union's request. From 12-10-2002 to June 13, 2003 the claimant lost no time from work.

On June 13, 2003 the claimant called the customer service district manager to report that his fiancé was suffering from excruciating pain and needed medical assistance. The district manager told the claimant to take care of his fiancé and it would not affect his last chance agreement or cost him his job as long as he brought in medical documentation that his absence was for medical treatment for his fiancé.

The claimant brought in documentation on his first day back to work. The employer refused to consider that documentation sufficient to excuse the claimant's absence. The claimant was given another chance to bring in another document. The next day he did produce a second document. The employer refused to accept the second document as valid proof that the claimant had taken off to seek medical assistance for his fiancé. Both documents verified that the claimant had taken his fiancé to the Kent County Health Unit on June 12, 2003 and had taken her to the Division of Public Health for pregnancy testing as suggested by Kent County Health Unit.

Nevertheless the employer considered the documentation unacceptable and decided to act upon the claimant's violation of the last chance agreement and discharged him.

CONCLUSIONS OF LAW:

SECTION 3315(2), TITLE 19, DELAWARE CODE, PROVIDES AS FOLLOWS:

> AN INDIVIDUAL SHALL BE DISQUALIFIED FOR BENEFITS:

> (2) For the week in which the individual was discharged from the individual's work for just cause in connection with the

APPEAL DOCKET NO.: 428222

individual's work and for each week thereafter until the individual has been employed in each of 4 subsequent weeks (whether or not consecutive) and has earned wages in covered employment equal to not less than 4 times the weekly benefit amount.

In a discharge case, the employer must show by a preponderance of evidence that the claimant was discharged for just cause in connection with his work. Just cause exists where the claimant commits a willful or wanton act or engages in a willful or wanton pattern of conduct in violation of the employer's interest, his duty to the employer or his expected standard of conduct.

The issue here is not whether the employer was justified, in discharging the claimant; but, rather, whether or not the claimant is entitled to unemployment compensation benefits. An employer may discharge any of its employees for any reason that it may deem to be necessary in order to assure the smooth and successful operation of its business. However, unless the employer can show, by a preponderance of probative evidence, that the said employee was guilty of willful or wanton misconduct that employee will not be denied unemployment compensation.

Here the employer charged the claimant with excessive absenteeism and tardiness in violation of its company attendance policies. Absenteeism and tardiness can be considered willful or wanton misconduct provided that it is excessive, unauthorized or unexcused. There must also be a final warning that continued loss of time from work could result in dismissal.

The claimant's loss of time from work was excessive. All of it up until June 13, 2003 was unauthorized or unexcused. The claimant had received a final warning in a nature of a last chance agreement on December 10, 2002. On June 13, 2003 the claimant contacted his employer to report that his fiancé needed immediate medical attention and sought permission to assist her without Breaching his last chance agreement with the employer. The customer service district manager authorized the claimant to take off that day to take care of his fiancé's medical needs. The authorization was condition on the claimant's bringing in medical documentation that his absence was for the reason he had reported to the employer. The claimant brought in two documentations which the employer rejected as being insufficient to justify the claimant's absence. The claimant was discharged for violation of his 12-10-2002 last chance agreement with his employer.

The documentation presented by the claimant did verify that the claimant had taken his fiancé to two medical facilities for examination and treatment for her severe pains. From the evidence presented it appears that the claimant satisfied the request of the district manager and that his absence on June 13, 2003 was an authorized and excused absence. Authorized or excused absences are not considered to be willful or wanton misconduct. It appears from the evidence that the employer had to establish a deliberate and

APPEAL DOCKET NO.: 428222

intentional act on the part of the claimant that he knew was wrong and committed it anyway with utter disregard for the consequences. The evidence indicates that the claimant acted in the best interest of his fiancé in compliance with the terms of the authorization to do so given him by his employer.

There was insufficient probative evidence that the claimant's actions on June 13, 2003 were acts of willful or wanton misconduct so as to deny him unemployment compensation benefits.

DECISION:

The decision of the CLAIMS DEPUTY IS REVERSED. The claimant was discharged from his work without just cause in connection with his work. If otherwise qualified and eligible, he is entitled to benefits during that period of his unemployment immediately ensuing from the date he opened his claim.

Meb

JOSEPH A. JULIAN, JR.
APPEALS REFEREE

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
## IN AND FOR KENT COUNTY

| | | |
|---|---|---|
| MICHAEL D. SAMPSON | * | |
| Plaintiff, | * | C.A. NO: |
| | * | |
| v. | * | ARBITRATION CASE |
| | * | |
| JOHNSON CONTROLS | * | |
| BATTERY GROUP, INC. | * | TRIAL BY JURY DEMANDED |
| a foreign corporation, | * | |
| | * | |
| Defendant. | * | |

## PLAINTIFF'S ANSWERS TO INTERROGATORIES PURSUANT TO CIVIL RULE 3(H)

1.    Give the name and present or last known residential and employment address and telephone number of each eyewitness to the incident which is the subject matter of this litigation.

**Answer:**    Plaintiff Michael D. Sampson, Larry Weissman, Paul Akers, Lenny Ceullam, Jimmy Cook, Herb Givens, and Wanda Clifton.

2.    Give the name and present or last know residential and employment address and telephone number of each person who has knowledge of the facts relating to the litigation.

**Answer:**    Plaintiff Michael D. Sampson, 54 McKinley Circle, Magnolia, Delaware, 19962; Keisha Taylor, 54 McKinley Circle, Magnolia, Delaware, 19962; Larry Weissman; Paul Akers; Lenny Ceullam; Jimmy Cook; Herb Givens; Wanda Clifton; Various personnel of Schmittinger & Rodriguez, P.A., 414 S. State Street, Dover, Delaware,19901.

3.    Give the names of all persons who have been interviewed in connection with the above litigation, including the names and present or last known residential and employment addresses and telephone numbers of the persons who made said interviews and the names and present or last known residential and employment addresses and telephone numbers of persons who have the original and copies of the interviews.

**Answer:**    To date, no interviews have been taken other than with Plaintiff, which is privileged communications.


4.    Identify all photographs, diagrams or other representations made in connection with the matter in litigation, giving the name and present or last known residential and employment addresses and telephone number of the persons having the original and copies thereof. (In lieu thereof, a copy can be attached.)

**Answer:**    None to date.


5.    Give the name, professional address and telephone number of all expert witnesses presently retained by the party together with the dates of any written opinions prepared by said expert. If an expert is not presently retained, describe by type the experts whom the party expects to retain in connection with this litigation.

**Answer:**    None expert has been retained at this time; however, Plaintiff reserves the right to obtain experts at a later time.


6.    Give a brief description of any insurance policy, including excess coverage, that is or may be applicable to the litigation including:

    (a)    The name and address of all companies insuring the risk;

    (b)    The policy number;

    (c)    The type of insurance;

    (d)    The amounts of primary, secondary, and excess coverage.

**Answer:**    (a)    Unknown to Plaintiff;

        (b)    Unknown to Plaintiff;

        (c)    Unknown to Plaintiff;

        (d)    Unknown to Plaintiff.


7.    Give the name, professional address, and telephone number of all physicians,

chiropractors, psychologists, and physical therapists who have examined or treated you at any time during the ten year period immediately prior to the date of the incident at issue in this litigation.

    **Answer:**    Not applicable.

SCHMITTINGER & RODRIGUEZ, P.A.

BY: _____
        WILLIAM D. FLETCHER, JR.
        Bar ID #362
        414 S. State Street
        P.O. Box 497
        Dover, DE 19903-0497
        (302) 674-0140
        Attorneys for the Plaintiff

DATED: 6/16/05
WDF:tcl

**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

**CERTIFICATE OF SERVICE**

I hereby certify that on July 25, 2005, I electronically filed the foregoing Notice of

Removal with the Clerk of Court using CM/ECF which will send notification of such filing to

the following and on July 25, 2005, mailed, via first class mail, postage prepaid, copies of the

same to:

William D. Fletcher, Jr. (#362)
wfletcher@schmittrod.com
Schmittinger & Rodriguez, P.A.
414 South State Street
P.O. Box 497
Dover, DE 19903-0497

Jennifer C. Jauffret (#3689)
Jauffret@rlf.com
Kelly A. Green (#4095)
Green@rlf.com
Richards, Layton & Finger
One Rodney Square
P. O. Box 551
Wilmington, Delaware  19899
(302) 651-7700
Attorneys for Defendant